Robert J. KIECKHEFER, Sr.,
Plaintiff,

v.

UNITED STATES of America,
Defendant.

Civ. A. No. 5747.

United States District Court
E. D. Wisconsin.

April 13, 1956.

Louis Meldman, Milwaukee, Wis., for plaintiff.

Edward G. Minor, U. S. Atty., Milwaukee, Wis., for defendant.

TEHAN, Chief Judge.

On January 30, 1946, the plaintiff taxpayer made gifts of 344 shares of American Lace Paper Company common stock. In a gift tax return filed for that year, he reported these gifts with a valuation of $250 per share being placed upon the stock. The gift tax return was audited by the Commissioner of Internal Revenue, who determined that the fair market value of the common stock was $900 per share, and assessed gift taxes upon the transfer, of $52,442.25, and interest of $10,335.10. These amounts have been paid and the plaintiff has brought this action to recover the additional taxes assessed by the Commissioner.

Except for a comparatively brief recital of company history by the President, the trial was given over to the testimony of expert witnesses. The testimony reveals the relative weight and importance which each attached to the various factors in arriving at his opinion of value. The plaintiff's witnesses concluded from their analysis that the fair market value was $375 and $376.20 per share, while the two experts brought in by the Government arrived at the figures of $600 and $650 respectively.

The applicable statute provides that the value is to be arrived at by giving consideration to the company's net worth, earning power, dividend-paying capacity, and all other relevant factors having a bearing upon the value of the stock.

We have carefully reviewed the testimony in this case, the exhibits and the briefs filed, and in addition to the expressed factors of the company's net worth, earning power, and dividend-paying capacity, we have deemed relevant and have given consideration to such other factors as the prospects for the future, including the probability of greater retention of earnings by reason of the expiration of the excess profits tax, the lack of depth in management, the fact that the shares involved were less than a majority, the fact that it was a closely held company with no history of dividend payments, the facts involved in two other transfers of stock in prior years, and the history of the company, and have given to each part of the evidence such weight as this Court believes it fairly entitled to receive, and are of the opinion that the fair market value for federal gift tax purposes of the 344 shares of common stock of American Lace Paper Company on January 30, 1946, was $540 per share.

The plaintiff shall submit findings of fact and conclusions of law, which shall include a computation of the amount of the refund to which plaintiff is entitled, upon ten days' notice to the defendant.